No. 2832. TANT *v.* GUESS.   November Term, 1891.   This was a motion upon which the following order was passed January 13, 1892,

PER CURIAM.   This is a motion by defendant, appellant, to suspend the appeal in this case and recommit the record to the Circuit Court to allow him to apply to the latter court for a new trial upon the ground of after-discovered evidence.   Motions of this character have been frequently made in this court, some at this term ; and the court has uniformly held that before such a motion can be granted, a *prima facie* showing must be made by the moving party.   Upon such an application to this court, two principal questions are presented, to wit: 1st. Whether there is a *prima facie* showing that the alleged newly or after-discovered evidence is in fact newly discovered ?   2nd. Whether a like showing had been made that the said newly discovered evidence could not, by the exercise of due diligence, have been discovered in time to be used on the trial below ?

In this application, it does not appear to the court that any showing whatever has been made.   The motion is based upon the papers and proceedings in the cause and a verified statement of the account between the plaintiff and Pelzer, Rodgers & Co., as taken from the books of the latter, made by their book-keeper. The defendant should have filed his affidavit, setting forth what is required as stated above, to wit, that the alleged newly discovered evidence is newly discovered, and that he could not by the use of diligence have discovered such evidence in time for the trial of the case below.   The statements and proceedings alluded to do not supersede the necessity of the affidavit.   But waiving this objection, after a careful consideration of the statements made, we do not think a *prima facie* showing has been made.   Nor do we see how the defendant could have made the necessary affidavit, and therefore it is useless to allow further time for this purpose.   Besides, the respondent is entitled to no-

tice of a motion for further time, which has not been given. Motion refused.

Upon the rendition of this judgment, counsel for appellant, the moving party, asked that the court qualify the order refusing the motion to recommit the record to the Circuit Court, by adding the words *without prejudice*, or words to that effect, so that he may be allowed, if he shall so desire, to renew his motion in this court hereafter.

January 14, 1892.   The following ruling was made

PER CURIAM.  The court, after a careful consideration of this application, decide that while the court is quite willing to accommodate counsel whenever practicable, there is really no ground for granting this application.   From an inspection of the proceedings below, it appears that the appellant has had ample time to make his application.   If the court consented to amend the order in this particular in this case, there is no reason why the same thing could not be claimed in every case.

*Robt. Aldrich*, for the motion.   *L. T. Izlar*, contra.